UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, </br></br>Plaintiff, </br></br>v. </br></br>VRP Group, Inc., d/b/a Regius Investigations and Protective Services, </br></br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )   Civil Action No. 1:22-cv-00050 |

## COMPLAINT

Plaintiff, Martin J, Walsh, Secretary of Labor, United States Department of Labor, brings this action to enjoin VRP Group, Inc., d/b/a Regius Investigations and Protective Services ("Regius"), from violating the provisions of Section 11(c) of the Occupational Safety and Health Act of 1970 (the "Act"), 29 U.S.C. §§ 651-678, and for all other appropriate relief, including the payment of back wages and other benefits found due to an employee of Defendant by reason of Defendant's actions in violation of the Act.

I.

Jurisdiction of this action is conferred upon the Court by Section 11(c) of the Act, 29 U.S.C. § 660(c)(2), and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant Regius is, and at all times hereinafter mentioned was, a corporation formed under the laws of the State of Florida and operating and doing business at 105 NW 75th Street, Unit 3, Gainesville, Florida 32607, in Alachua County. Regius's registered agent for service of process is Dawn M. Falisi, 105 NW 75th Street, Unit 3, Gainesville, Florida 32607.

1

Venue is proper in this district as a substantial part of the events or omissions giving rise to the claim occurred in Port Arthur, Texas in Jefferson County, which is within the jurisdiction of the Court.

III.

At all relevant times mentioned hereafter, Craig Guydan was employed by Defendant, and was employed by an employer as defined by Sections 3(5) and 3(6) of the Act, 29 U.S.C. §§ 652(5) and (6).

IV.

On or about September 3, 2020, Guydan filed a retaliation complaint with the Occupational Safety and Health Administration ("OSHA") alleging that Defendant discriminated against him in violation of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

OSHA investigated this complaint in accordance with Section 11(c)(2) and determined that Defendant violated Section 11(c) of the Act.

V.

On or about August 30, 2020, Defendant discriminated against Guydan by terminating his employment because he exercised rights afforded to him by the Act by filing complaints about safety and health issues with Defendant when he texted his supervisors about the COVID-19 policies and protocols and the availability of secure firearm storage at temporary employee housing provided for Defendant's employees.

In August 2020 Defendant supplied security services to a third party, Entergy Texas, in and around Port Arthur, Texas in response to the Hurricanes Laura and Marco. Guydan was one of the employees assigned to the Port Arthur, Texas location. Based on information and belief, employees assigned to this worksite, including Guydan, carried firearms in the scope of their

employment. Initially, employees assigned to the Port Arthur, Texas location were housed in a hotel approximately 2 hours away from the worksite. On August 30, 2020, Defendant directed the employees assigned to the Port Arthur, Texas location to relocate from the hotel to temporary housing at the worksite through a group chat on a secure messaging app called "Signal."

Shortly after receiving the message to relocate, Guydan responded on the Signal group chat with several text messages to his supervisors raising legitimate safety and health concerns about (1) the COVID-19 policies and protocols and (2) the availability of secure firearm storage at the temporary employee housing site. Based on information and belief, the Signal group chat included all of Defendant's employees, including supervisors and managers, assigned to the Port Arthur, Texas and surrounding locations for the Hurricanes Laura and Marco. Less than ten minutes after his first text asking about the COVID-19 protocols, Defendant terminated Guydan's employment by text message in the Signal group chat.

VI.

As a result of Defendants' discriminatory actions, Guydan incurred damages, which include loss of salary, benefits and compensation, and other monetary and non-monetary losses.

VII.

By the actions described in Paragraph V above, Defendant discriminated, and is discriminating against, Complainant Craig Guydan because he exercised rights under or related to the Act, and thus, Defendant engaged in conduct in violation of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

WHEREFORE, Plaintiff prays for judgment:

A.  Permanently enjoining and restraining Defendant, its officers, agents, servants,

employees and those persons in active concert or participation with them, from violating the provisions of Section 11(c)(1) of the Act;

  B. Ordering Defendant to make Guydan whole by 1) reimbursing him for lost wages and other lost benefits that resulted from terminating Guydan's employment, with interest thereon from the date due until paid; 2) offering reinstatement to Guydan, or in lieu of reinstatement, providing him with front pay in an amount to be determined at trial; and 3) expunging from all personnel and company records references to the circumstances giving rise to Guydan's unlawful adverse action;

  C. Ordering Defendant to make Guydan whole by providing compensation to reimburse him for any costs, expenses and/or other pecuniary losses he incurred as a result of Defendant's discriminatory actions;

  D. Ordering Defendant to make Guydan whole by providing compensation for non-pecuniary losses he incurred, including emotional pain and suffering and damage to his professional and personal reputation;

  E. Ordering Defendant to pay additional compensation to Guydan as exemplary or punitive damages in an amount to be determined at trial:

  F. Ordering Defendant to post in a prominent place for a period of 60 consecutive days a notice stating it will not in any manner discriminate against any employee for engaging in activities protected by Section 11(c) of the Act; and

  G. Ordering such other and further relief as may be necessary or appropriate, and for the costs of this action.

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

JOHN RAINWATER
Regional Solicitor

MARY KATHRYN COBB
Counsel for Civil Rights

 /s/ *Allyson D. Gault*
ALLYSON D. GAULT
Trial Attorney
Texas Bar No. 24093773
gault.allyson.d@dol.gov
docket.dallas@dol.gov

U. S. Department of Labor
Office of the Solicitor
525 S. Griffin Street, Suite 501
Dallas, Texas  75202
Telephone: (972) 850-3100
Facsimile: (972) 850-3101

RSOL No. 0620-21-000861